Cooke, J. (dissenting).
I dissent and vote for reversal.
Congress Factors Corporation (Congress) is engaged in the factoring business. Duobond Corporation (Duobond) is a finisher and dyer in the textile industry.
These parties, defendant and plaintiff, entered into a factoring agreement under which Duobond agreed to sell to Congress certain accounts receivable arising from sales by Duo-bond to customers whose credit Congress had approved. In return, Congress agreed to pay Duobond, as a purchase price for the said accounts receivable, a net amount arising from Duobond’s sales. Congress also agreed, under stated conditions, to make advance payments to Duobond, as a purchase price for the said accounts receivable, a net amount arising from Duobond’s sales. Congress also agreed, under stated conditions, to make advance payments to Duobond in an amount up to 85% of Duobond’s net sales.
Crucial to the resolution of this controversy is paragraph 2 of the agreement which provides in part: "We [Congress] agree *182 to purchase the account receivable arising from sales to purchasers whose credit we have approved provided the goods have been actually delivered to the purchaser and have been finally accepted without dispute. You [Duobond] agree to indemnify and protect us against all liability, loss or expense caused by or arising out of the rejection of goods and claims of every kind and nature by purchasers, other than loss or expense resulting from financial inability of the purchaser to pay. It is understood that you [Duobond] will promptly adjust all disputes with purchasers and promptly advise us [Congress] of the same upon your receiving notice thereof, and we [Congress] shall have the right to change the disputed account or accounts back to you [Duobond] before or after the maturity’thereof”. (Emphasis added.)
When Congress attempted to collect on the 67 invoices, Herman Zucker Textile Co., Inc. (Zucker), Duobond’s customer, claimed a dispute as to those invoices and refused to make payment. Thus, under the explicit words of the agreement, Congress was under no obligation to purchase the accounts receivable of Duobond arising from the services in question performed for Zucker because the goods had not been "finally accepted without dispute.”
Once notice of the dispute had been given, Duobond, not Congress, had the obligation to investigate and adjust the dispute. This is obvious from the contract provision that: "It is understood that you [Duobond] will promptly adjust all disputes with purchasers and promptly advise us [Congress] of the same”. Duobond was unable to resolve its dispute with Zucker, even to the extent that litigation eventually ensued between them and proceeded to judgment. Duobond having been unable to adjust the dispute, Congress was permitted under the factoring agreement to charge back Duobond’s account and, accordingly, Congress did not breach the agreement.
Even under equitable principles, a subject mentioned at the Appellate Division, Congress should succeed. If it be assumed that each of the parties was innocent, it has been stated that, where one of two innocent persons must suffer a loss, it should fall on the party who by reasonable diligence or care could have protected himself or herself rather than on the party who could not (see Savings Bank v Creswell, 100 US 630, 643). Here, Duobond, who was in the fabric business and who conducted the underlying transaction with Zucker, was in a *183 much better position than Congress to ascertain the mistake and correct it.
The prior judgment of the Supreme Court, dismissing the complaint, should be reinstated.
Chief Judge Breitel and Judges Jones, Wachtler and Fuchsberg concur with Judge Gabrielli; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Judgment affirmed.